UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| BRANDON MCWAIN, ) | |
| ) | |
| Petitioner, ) | Civil Case No. |
| ) | 0:16-cv-36-JMH-JGW |
| v. ) | |
| ) | |
| MERV HADDIX, WARDEN, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge J. Gregory Wehrman [DE 10], wherein he recommends that Petitioner Brandon McWain's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] be denied as time-barred. Also before the Court is McWain's Motion for Belated Appeal [DE 11]. Both of these matters are ripe for review.

**I.**

On March 7, 2016, Petitioner Brandon McWain filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Kentucky state court for first-degree arson and second-degree burglary [DE 1]. Although this action was originally filed in the United States District Court for the Western District of Kentucky, on March 30, 2016, it was transferred

to this Court [DE 6].  Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman pursuant to 28 U.S.C. § 636(b).

On April 18, 2016, the Magistrate Judge filed his Report and Recommendation, recommending that McWain's § 2254 petition be dismissed as having been untimely filed [DE 10].  Specifically, the Magistrate Judge noted that, although the judgment of conviction is not in the record, McWain asserts that he was sentenced in October 2008 [DE 10, p. 2, FN1].  Thus, under the one year limitation period provided by 28 U.S.C. § 2244(d), McWain had one year from November 2008 (the date that McWain's judgment became final under Kentucky Rule of Criminal Procedure (RCr) 12.04(3)) in which to timely file a federal petition for writ of habeas corpus [DE 10 at p. 2].  Because McWain's § 2254 petition was not filed until March 7, 2016, it was simply filed too late.

The Magistrate Judge further noted that 28 U.S.C. § 2244(d)(2) provides for tolling of the limitations period while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [DE 10 at p. 2-3].  In March 2010, McWain filed a motion to vacate, set aside or correct sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 in the Rowan Circuit Court [DE 1. *See also* DE 10, citing *McWain v. Commonwealth*, 2012 WL 5969629, at *1

2

(Ky.App. Nov. 30, 2012)].[1] However, the Magistrate Judge concluded that, because this tolling provision does not revive a limitations period that has already expired, this provision does not help McWain, who filed his petition for post-conviction relief in state court after the expiration of the limitations period for federal habeas relief [DE 10, citing *Colbert v. Tambi*, F.Supp.2d 927, 934 (S.D. Ohio 2007)].

Although McWain did not file formal objections to the Magistrate Judge's Report and Recommendation, on April 29, 2016, McWain filed a "Motion for Belated Appeal," explaining that he first attempted to file a Writ of Habeas Corpus in this Court on approximately December 13, 2013 [DE 11]. However, according to McWain, his subsequent efforts to follow up with the Clerk of Court regarding the status of this 2013 petition revealed that this petition was apparently never received by the Court [*Id.*]. Thus, McWain requests the Court's permission to file a belated appeal on the grounds that his right to appeal should not be frustrated because of matters that are not his fault, such as Clerk error or mishandling of mail [*Id.*].

---

[1] This motion was denied in June 2010 [*Id.*]. McWain appealed to the Kentucky Court of Appeals, which affirmed the Rowan Circuit Court's decision in November 2010 [*Id.*]. The Kentucky Supreme Court denied discretionary review in September 2013 [*Id.*].

3

Generally, this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Here, McWain does not object to any particular finding or recommendation made by the Magistrate Judge. Rather, McWain's Motion requests that the Court excuse his untimely § 2254 petition based on McWain's assertion that the delay in filing his petition was due to matters beyond his control. Regardless, to the extent that McWain's Motion makes an overall objection to the Magistrate Judge's conclusion that his petition should be dismissed, this objection will be considered by the Court.

The Court has reviewed the Magistrate Judge's conclusion that McWain's § 2254 petition is time barred and finds that the Magistrate Judge is correct. "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," *Day v. McDonough*, 547 U.S. 198, 209 (2006), so long as the parties are provided "fair notice and an opportunity to present their positions." *Id*. at 210. Here, the Report and Recommendation issued by the Magistrate Judge provided McWain with notice of the untimeliness of his petition. McWain also received an opportunity to present his position via the opportunity to file objections to the Magistrate Judge's Report

4

and Recommendation. Thus, the Court finds that these requirements are satisfied.

Under 28 U.S.C. § 2244(d)(1), an application for a writ of habeas corpus made by a person in custody pursuant to the judgment of a State court is subject to a 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(1). Absent circumstances not present in this case, this limitation period begins on "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." *Id*. at § 2244(d)(1)(A)(emphasis added).

As noted by the Magistrate Judge, McWain was sentenced in October 2008.[2] Pursuant to Kentucky Rule of Criminal Procedure (RCr) 12.04(3), McWain had thirty days after the entry of the judgment of conviction within which to file an appeal. Kentucky Rule of Criminal Procedure (RCr) 12.04(3). Thus, McWain's one-year period to file a timely federal habeas petition began to run in November 2008 and expired in November 2009. Accordingly, by the time he filed his § 2254 habeas petition in March 2016, he was already over six years too late. Indeed, even if the Court were

---

[2] Although the judgment of conviction was not in the record before the Magistrate Judge, McWain attached a copy of the judgment as an exhibit to his Motion for Belated Appeal [DE 11-1]. According to the copy provided by McWain, the judgment of conviction was entered on October 8, 2008 [*Id*.].

5

to construe McWain's § 2254 petition as having been filed in 2013, as urged by McWain, his petition would still be untimely.

The Court also agrees with the Magistrate Judge that McWain's motion for post-conviction relief filed in March 2010 pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 did not have an effect on his already expired time for seeking federal habeas review. Even if McWain's motion for post-conviction relief was timely filed under RCr 11.42, the federal limitations period for habeas review had already expired before McWain's RCr 11.42 motion was filed. In such circumstances, even a properly filed application for state post-conviction or collateral review cannot restart a fully expired clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(Section 2244(d)(2)'s tolling provision "does not, however 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")(quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). Thus, McWain's state post-conviction proceedings filed in March 2010 did not restart the clock on the limitations period during which he could timely file a federal habeas petition.

6

The Court is also in agreement that McWain is not entitled to relief under the doctrine of equitable tolling, as McWain has failed to show that he exercised due diligence in preserving his legal rights, but that his failure to timely seek federal habeas relief was due to circumstances beyond his control. *See Vroman*, 346 F.3d at 604 (explaining that equitable tolling is to be applied sparingly and only in situations where "a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.")(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)(citations omitted)). Although McWain's Motion for Belated Appeal [DE 11] describes McWain's efforts to file a federal habeas petition beginning in December 2013, by this time the clock on the limitations period had already expired. Even if the Court were to consider McWain's current § 2254 petition to have been filed in December 2013, the date McWain purports to have first attempted to file it, McWain's petition would still be untimely, as the limitation period expired in November 2009. For these reasons, McWain's Motion for Belated Appeal [DE 11] will be denied.

For all the reasons set forth above, this Court adopts the well-articulated and detailed reasoning set forth in the

7

Magistrate Judge's Report and Recommendation as to McWain's Motion as its own.

**II.**

Next, the Court turns to whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2254. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Again, having carefully considered the matter, the undersigned concludes that no certificate should issue as McWain cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 10] is **ACCEPTED** and **ADOPTED** over Defendant's objections;

(2) the McWain's Motion for Belated Appeal [DE 11] is **DENIED**;

(3) that McWain's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] is **DENIED**; and

(4) that no certificate of appealability shall issue.

This the 13th day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9

10

Case: 0:16-cv-00036-JMH-JGW Doc #: 14 Filed: 02/13/17 Page: 11 of 11 - Page ID#: 112